UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER JAMES KARDUX,

    Plaintiff,

v().                                                 Case No: 2:18-cv-585-FtM-UAM

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff, Walter James Kardux, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on March 15, 2016, alleging an onset of disability date of May 21, 2015. (Tr. 162-68). Plaintiff's claim was denied initially on April 14, 2016, and upon reconsideration on August 5, 2016. (Tr. 84-86, 90-94). Plaintiff timely filed a request for a hearing and, on April 26, 2017, a hearing was held before Administrative Law Judge Lisa Martin (hereinafter "the ALJ"). (Tr. 27-62). On September 13, 2017, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 13-26). Plaintiff timely requested review of the decision, which was denied by the Appeals Council on July 10, 2018. (Tr. 1-6). The ALJ's decision thus became the final decision of the Commissioner. Plaintiff initiated the instant action by Complaint (Doc. 1) on August 30, 2018. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 21, 2015. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: cervical and lumbar spine disorders and chronic bronchitis. (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform the full range of medium work as defined in 20 CFR 404.1567(c)." (Tr. 19). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as an industrial truck driver as such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 21). The ALJ concluded that Plaintiff was not under a disability from May 21, 2015, through the date of the decision, September 13, 2017. (Tr. 22).

**II.     Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to find that Plaintiff's deep vein thrombosis is non-severe; (2) whether the ALJ erred by failing to include postural limitations included in the opinion of the State Agency medical consultant to whom she assigned "great weight"; (3) whether the ALJ's erred by failing to acknowledge or discuss Plaintiff's work history. The Court will address each issue in turn.

**a) Whether the ALJ erred by failing to find that Plaintiff's deep vein thrombosis is non-severe.**

Plaintiff argues that the ALJ erred at step two by failing to find that Plaintiff's deep vein thrombosis was a severe impairment. (Doc. 17 p. 10-15). Plaintiff contends that this error is not harmless because the ALJ's failure to identify Plaintiff's deep vein thrombosis as severe resulted in a legally insufficient RFC finding that contained no limitations whatsoever related to his deep vein thrombosis. (Doc. 17 p. 11). In response, Defendant argues that the ALJ properly determined that Plaintiff's deep vein thrombosis was not a severe impairment because the medical evidence does not indicate that the impairment significantly interfered with his ability to perform basic activities. (Doc. 17 p. 16).

At step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, the ALJ determined that Plaintiff had the severe impairments of cervical and lumbar spine disorders and chronic bronchitis. (Tr. 18). Because the ALJ determined that Plaintiff suffered from at least one severe impairment at step two and thereafter proceeded beyond that stage as he did, any error he committed in failing to find that Plaintiff suffered from other severe impairments at step two is rendered harmless. *Gray v. Comm'r of Soc. Sec.*, 550 F.

App'x 850, 853-54 (11th Cir. 2013) (per curiam); *Packer*, 542 F. App'x at 892; *Heatly*, 382 F. App'x at 824-25.

Furthermore, the Court finds that Plaintiff has failed to show that the ALJ's RFC finding is erroneous because the ALJ did not account for the limitations caused by Plaintiff's deep vein thrombosis. As Defendant notes, the majority of Plaintiff's examinations were unremarkable. (Tr. 367, 382, 404, 416, 424). Although Plaintiff was diagnosed with deep vein thrombosis, the medical records do not indicate this impairment significantly interfered with his ability to perform basic activities. For instance, while Plaintiff claims that Dr. Rosenberg opined that Plaintiff's deep vein thrombosis causes possible bilateral buttock claudication, there is no suggestion in Dr. Rosenberg's notes supporting this finding. (Tr. 381-83). Although Dr. Rosenberg diagnosed "possible bilateral buttock claudication," he but did not indicate any causal factor, and did not attribute it to Plaintiff's deep vein thrombosis. (Tr. 383). Further, Plaintiff indicates that he has been unable to take aspirin due to his need to remain on Coumadin, but Plaintiff has not shown the importance of his inability to take aspirin since the record shows he took Flexeril for pain relief when he needed it. (Tr. 228, 269, 271, 353). Plaintiff mentions that he had decreased sensation on one occasion and had problems with walking half a mile on one occasion; he has not shown that any of these issues persisted for a consecutive twelve-month period.

Plaintiff also claims that he was hospitalized at Cape Coral Hospital for nearly a week for treatment of deep vein thrombosis in his right leg, but he was hospitalized for that length of time for evaluation of acute deep vein thrombosis, pulmonary embolus, and a pulmonary nodule. (Tr. 261-95). Plaintiff alleges that Drs. Mestas and Challapalli noted deep vein thrombosis was a chronic condition that will require continued care. (Tr. 296-97). These doctors, however, did not

state the type or length of care Plaintiff required. (Tr. 296-97). As Defendant notes, there is no evidence that the type of care resulted in significant limitations on Plaintiff's ability to perform basic activities for twelve consecutive months. As the ALJ noted, Plaintiff took only muscle relaxers, was no longer on pain medications, and required no further surgical intervention. (Tr. 20, 344-45).

Substantial evidence supports the ALJ's assessment of Plaintiff's RFC, and Plaintiff failed to show that his impairments, singly or in combination, were disabling or caused additional limitations on his ability to work. Accordingly, the Court affirms the ALJ's step two finding that deep vein thrombosis was not a severe impairment.

b) **Whether the ALJ erred by failing to include postural limitations included in the opinion of the State Agency medical consultant to whom she assigned "great weight".**

Plaintiff argues that the ALJ erred by according great weight to the opinion of non-examining state agency consultant John T. Bell, M.D. but failing to include any of the postural limitations found by Dr. Bell in the RFC finding for a full range of medium work. (Doc. 17 p. 20). In response, Defendant argues that even if the ALJ was required to include Dr. Bell's postural limitations, any error would be harmless because the ALJ determined that Plaintiff could perform his past relevant work as an industrial truck driver which does not require the postural limitations opined by Dr. Bell. (Doc. 17 p. 21).

The record shows that Dr. Bell reviewed Plaintiff's medical records on August 5, 2016. (Tr. 82). Dr. Bell opined that Plaintiff had severe impairments of osteoarthrosis and disorder of thrombosis and hemostasis. (Tr. 78). Dr. Bell concluded that Plaintiff had an RFC for medium work but with additional postural limitations that could never climb ladders, ropes, or scaffolds,

could frequently climb ramps or stairs, and could frequently crouch. Dr. Bell based the limitations on Plaintiff's intermittent back pain. (Tr. 80).

In her decision, the ALJ explained the weight accorded Dr. Bell's opinion as follows: "[t]he opinion of the state agency medical consultant offered at the reconsideration level and finding the claimant capable of performing a range of medium work is assessed great weight, as it is consistent with the record as a whole, as well as the claimant's own testimony (3A/8)." (Tr. 21). Despite according great weight to Dr. Bell's opinion, the ALJ did not adopt Dr. Bell's opinion that Plaintiff could never climb ladders, ropes, or scaffolds, could frequently climb ramps or stairs, and could frequently crouch. Dr. Bell based the limitations on Plaintiff's intermittent back pain.

In this case, the Court does not find it appropriate to remand this case to have the ALJ specifically explain why the postural limitations opined by Dr. Bell were not included in the RFC. In her decision, the ALJ found Plaintiff was capable of performing his past relevant work as an industrial truck driver as performed and as described generally. (Tr. 21-22). Plaintiff did not report that his prior job involved climbing, kneeling, crouching, stooping, or crawling. (Tr. 205). According to the Dictionary of Occupational Titles (DOT) 921.683-050, which the ALJ also cited in support of his determination, the job of industrial truck operator is medium work, does not involve more than occasional climbing or stooping involves no exposure to high exposed places, and crawling and kneeling are not even present. DOT 921.683-050, 1991 WL 688069 (4th Edition 1991). Thus, even if the ALJ had adopted the postural limitations opined by Dr. Bell, it would not have changed the ALJ's determination that Plaintiff could perform his past relevant work as an industrial truck operator.

There is no principle of administrative law or common sense that requires remand in quest of a perfect opinion and remand is not essential if it will amount to nothing more than an empty

exercise. *Stanton v. Astrue*, 617 F.Supp.2d 1205, 1222 (M.D. Fla. 2008) (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989) and *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000)). Here, remanding the case to have the ALJ re-evaluate Dr. Bell's opinion and address his postural limitation findings would be an empty exercise.

  **c) Whether the ALJ's erred by failing to acknowledge or discuss Plaintiff's work history.**

Plaintiff argues that the ALJ erred by failing to consider Plaintiff's exemplary work history when evaluating Plaintiff's credibility. (Doc. 17 p. 23-24). Plaintiff notes that his certified earnings record demonstrates earnings for an uninterrupted 38 years of employment prior to alleging that he became disabled). (Doc. 17 p. 23). Plaintiff argues that the case should be remanded for the ALJ to specifically consider Plaintiff's work history. (Doc. 17 p. 23). In response, Defendant argues that substantial evidence supports the ALJ's assessment of Plaintiff's subjective statements and that the ALJ fully recognized Plaintiff's prior work history and discussed the history with both Plaintiff and the VE. (Doc. 17 p. 25).

In looking at the ALJ's credibility determination, the Court notes that to establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate

reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted). Nevertheless, the Eleventh Circuit has stated that "[t]he question is not ... whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

In this case, as Defendant notes, the ALJ cited the following evidence in considering Plaintiff's subjective complaints:

> 1) Plaintiff's medical history and his ability to return to work with some of the same impairments (Tr. 257-60);
>
> 2) the normal clinical findings of record (Tr. 265, 273, 367, 382, 404-05, 424);
>
> 3) his treatment (particularly the type, frequency, length, and effectiveness of his conservative treatment on the severity and persistence of his symptoms and impairments) (Tr. 267, 344-45, 382-83, 388-89, 415, 423-4);
>
> 4) the inconsistencies between Plaintiff's allegations about the severity and persistence of his symptoms, and the other evidence of record (Tr. 381, 388, 416-17);
>
> 5) Plaintiff's reports of daily activities such as painting a deck, hanging window shades, and occasionally riding a motorcycle (Tr. 44, 49-50, 52); and
>
> 6) the medical opinion from Dr. Bell that Plaintiff could perform medium work (Tr. 19-20, 80).

Because the ALJ cited more than a scintilla of evidence in support of his pain analysis, there is substantial evidence supporting it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

Furthermore, a review of the record shows that the ALJ fully recognized Plaintiff's prior work history and discussed this history with both Plaintiff and the VE at the administrative hearing. (Tr. 19-21). Moreover, as shown above, the ALJ cited sufficient other evidence of record to discount Plaintiff's allegations of disabling limitations, as they were inconsistent with the evidence of record (Tr. 19-21). Accordingly, the Court will not disturb the ALJ's credibility finding.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties